ZORAIDA NÚÑEZ RIVERA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 592.   Decided May 4, 1962.

*Guillermo S. Pierluisi* for petitioner.   *Donald R. Dexter, Carmen Ana Archeval,* and *Ángel de Jesús Matos* for the State Insurance Fund.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

### JUDGMENT

Rafael Martínez Sánchez, a laborer, 56 years of age, died on November 11, 1959, and according to the death certificate his death was due to an infarct of the myocardium following a cardiorespiratory collapse.   Martínez had worked for more

than 10 years as a mechanic repairing the heavy equipment in the War Emergency Fund attached to the Public Works Department. The day he died he started to work about 8:00 a.m. repairing a cylinder of about 15 tons, placing the spark plugs and adjusting the screws. An assistant or some other laborer assigned by the shop helped him with his work. Around 3:30 p.m. he experienced a severe pain in the precordial region while he was drinking water by the side of a water cooler. He collapsed and was removed to the hospital and died on the way.

There is no evidence to establish the pre-existence of a cardiac disease and, specifically, arteriosclerosis. When the death overtook him he was performing the usual and customary tasks of his work.

As we stated in *Fernández* v. *Industrial Commission, ante*, p. 284, in order to determine the compensability of an accident resulting in a cardiac death it is necessary to establish the existence of a causal relation between the work performed and the final result, namely, whether the work contributed to the result by aggravating, accelerating or precipitating the disease. As we have seen, the few elements of proof appearing from the transcript do not permit of a conclusion that such relation was established in this case, and even though the Industrial Commission erred in its decision in concluding apparently that in order to hold that the accident was compensable it was necessary to establish that the laborer was performing work "other than the normal work which he was used to perform or that he was making an unusual exertion," affirmance of the decision would always be in order since it was not established that the work which the laborer was performing at the time of suffering the heart attack aggravated, accelerated or precipitated his death in any manner whatsoever.

The decision rendered by the Industrial Commission of Puerto Rico on September 20, 1960 will be affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*